# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TRACY ANN TURNEY § | |
| § | Civil Action No. 4:19-CV-15 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| COMMISSIONER, SSA § | |
| § | |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On February 13, 2020, the report of the Magistrate Judge (Dkt. #14) was entered containing proposed findings of fact and recommendations that the final decision of the Commissioner of the Social Security Administration be affirmed. Having received the report of the Magistrate Judge, having considered Plaintiff's Objections (Dkt. #15) and the Commissioner's Response (Dkt. #16), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

**OBJECTIONS TO REPORT AND RECOMMENDATION**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)–(3). In her Objections, filed on February 27, 2020, Plaintiff argues: (1) the ALJ failed to give "due consideration" to the opinion of Plaintiff's treating physician; (2) the ALJ failed to incorporate Plaintiff's impairments in the residual functional capacity ("RFC") assessment; and (3) the ALJ failed to identify jobs consistent with Plaintiff's education and RFC (Dkt. #15 at p. 2). In a Response, filed March 10, 2020, the Commissioner asks the Court to adopt the Magistrate Judge's

report in full, arguing the Magistrate Judge has already considered each of these issues, and properly found that: (1) substantial evidence supports the ALJ's consideration of Dr. Molleston's opinion; (2) the ALJ's hypothetical question was not deficient; and (3) substantial evidence supports the ALJ's step-five determination (Dkt. #16 at pp. 1–3).

*Treating Physician*

Plaintiff first argues the Magistrate Judge erred in evaluating the ALJ's consideration of the opinion of Dr. Molleston, Plaintiff's treating physician (Dkt. #15 at p. 3). The Magistrate Judge's report states in relevant part:

> The ALJ's consideration of the *Newton* factors was not necessary in this case, and even if it was, the ALJ considered each of the relevant factors.
>
> ***
>
> Dr. Mattson treated Plaintiff during the same time period as Dr. Molleston [TR 903-05, 876-77]. The ALJ's decision clearly identifies the medical evidence of record that he believed was inconsistent with the treating physician's opinions. Indeed, the ALJ draws attention to Dr. Mattson's observations of the inconsistencies between Plaintiff's representations and Plaintiff's prior medical records, noting Dr. Mattson found Plaintiff had degenerative joint disease at the shoulders; however, he did not find other impairments or any functional limitations. Rather, he recommended conservative treatment, specifically exercise, which Plaintiff was "unwilling to start" [TR 876-77]. Dr. Mattson's findings directly conflict with Dr. Molleston's dire conclusions [TR 899].

(Dkt. #14 at pp. 14, 16). It is well-settled that the ALJ may give little to no weight to a treating source's opinion if good cause is shown. Plaintiff does not contest she was seen by a treating physician other than Dr. Molleston and/or that such physician offered sharply contrasting opinions. Against this backdrop, no consideration of the *Newton* factors was necessary in this cause; notwithstanding, the Court agrees with the Magistrate Judge that the relevant factors were considered and, on the whole, supported the ALJ's determination. *See Qualls v. Astrue*, 339 F. App'x 461, 467 (5th Cir. 2009) ("The Newton court limited its holding to cases where the ALJ rejects the sole relevant [treating or examining] medical opinion before it."). Moreover, to the

extent Plaintiff asserts the Magistrate Judge's discussion was deficient as to the ALJ's statement that ultimate issues are to be decided by the Commissioner, the Magistrate Judge correctly noted that an opinion that a claimant is disabled or unable to work is an opinion on the legal issue that is reserved for the Commissioner (Dkt. #14 at p. 12 n.5). The ALJ properly considered Dr. Molleston's opinions.

*Hypothetical Question*

Plaintiff next argues the ALJ erred by not incorporating Plaintiff's limitations acknowledged by the ALJ into the ALJ's "overly vague" hypothetical to the VE (Dkt. #15 at pp. 4–5). Plaintiff also relatedly argues the ALJ improperly detailed Plaintiff's "moderate" limitations (Dkt. #15 at p. 5).

> As the report explains—citing numerous in-circuit district court opinions—
>
> [T]he ALJ's hypothetical [to the VE] addressed the degree of limitation to Plaintiff's functional abilities ("the claimant, who had moderate, moderate difficulties in a fair ability to function independently, appropriately, effectively, and on a sustained basis; to understand, remember, and apply information; to concentrate, persist, or maintain pace such that they were limited to simple, routine tasks those consistent with unskilled work"), and the ALJ also clarified that Plaintiff's impairments would limit her to "simple, routine tasks, those consistent with unskilled work" [TR 78-79]. The ALJ's hypothetical thus tracks the ALJ's RFC assessment that Plaintiff "is able to work in jobs that accommodate moderate difficulties with the ability to understand, remember, and apply information, concentrate, persist, and maintain pace. The claimant is able to work in jobs where the claimant performs simple routine tasks, consistent with unskilled work, i.e. those that are: learned by rote; with simple instructions; with few work-place changes; with little judgment required; with simple and direct supervision." [TR 21].

(Dkt. #14 at p. 19). The ALJ's questioning was not vague, and to again reiterate, the findings at steps two and three of the sequential evaluation do not automatically lead to the same exact findings in the RFC; an ALJ is not required to state the RFC in terms of the limitations articulated in connection with steps two and three.

*Substantial Evidence and the Step-five Determination*

Plaintiff finally argues the ALJ failed to properly identify work that exists in significant numbers considering Plaintiff's education and RFC (Dkt. #15 at p. 5). Plaintiff complains about the ALJ's reliance on the Dictionary of Occupational Titles ("DOT") and also argues it was improper for the Magistrate Judge—under *Auer v. Robbins*, 519 U.S. 452 (1997), and *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019)—to afford deference to Social Security Ruling 00-4p (Dkt. #15 at pp. 6–8).[1]

Here, the ALJ asked the VE to identify jobs Plaintiff could perform based on the DOT. The VE testified that Plaintiff could perform the jobs of assembler, small products, electronics worker, and hand packager (TR pp. 79–80). This testimony supports the ALJ's step-five finding. SSR 00-4p only requires an ALJ to resolve apparent conflicts between the VE testimony and the DOT. *See Grimes v. Berryhill*, No. 3:16-cv-3280-BH, 2018 WL 1210533, at *11 (N.D. Tex. Mar. 8, 2018); SSR 00-4p, 2000 WL 1898704, *2. Should Plaintiff perceive an additional conflict or otherwise question the validity of the VE's testimony, it is then incumbent on Plaintiff to raise such issues on cross examination. Plaintiff failed to do so in the instant case. And as the report explains, "[o]ther courts presented with this same or similar issue have repeatedly found a reasoning level of two to be consistent with the ability to understand simple instructions and perform simple tasks" (Dkt. #14 at p. 21–22). Moreover, as Plaintiff's counsel has been previously advised, whether the DOT is outdated is not a determination this Court can make.

---

[1] The Court declines to read *Kisor v. Wilkie*—which reaffirmed *Auer* deference—in a manner that conflicts with this Court's precedent relying on Social Security Ruling 00-4p. *See, e.g.*, *Hariman v. Comm'r, SSA*, No. 4:18-CV-377, 2019 WL 4727417, at *2 (E.D. Tex. Sept. 27, 2019).

# CONCLUSION

Having considered Plaintiff's Objections (Dkt. #15) and the Commissioner's Response (Dkt. #16), all other relevant filings, and having conducted a de novo review, the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #14) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED**.

**SIGNED this 18th day of March, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE